UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR HUMBERTO GARCIA-MEJIA, ) | 1:07-cv-0915-OWW-GSA-PC |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| vs. ) | CERTIFICATION OF CLASS |
| ) | |
| CHARLES R. GILKEY, et al., ) | (Doc. 4) |
| ) | |
| Defendants. ) | |

On June 22, 2007, plaintiff Oscar Humberto Garcia-Mejia ("plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), on behalf of himself and more than thirty-five other inmates who were incarcerated at California City Correctional Center ("CCCC") at the time the events at issue took place. All of the named defendants are employees at CCCC.

On June 22, 2007, plaintiff filed a motion for certification of this litigation as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not

1

1  be construed as a class action and instead will be construed as an individual civil suit brought by
2  plaintiff.
3    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for certification of the class is
4  DENIED, and this action shall proceed as an individual civil suit brought by plaintiff, Oscar Humberto
5  Garcia-Mejia.
6  IT IS SO ORDERED.
7  **Dated:   March 17, 2008**       **/s/ Oliver W. Wanger**
                 UNITED STATES DISTRICT JUDGE

2