UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR HUMBERTO GARCIA-MEJIA, | ) | 1:07-cv-0915-OWW-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO MARK MAIL AS SPECIAL MAIL |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES R. GILKEY, et al., | ) | (Doc. 9) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Oscar Humberto Garcia-Mejia ("plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). On July 30, 2007, plaintiff filed a motion for the court to mark his mail as "Special Mail."

Plaintiff alleges that incoming correspondence at the prison is considered "Regular Mail" by the Bureau of Prisons if it is not marked on the outside of the envelope with the notation "Special Mail - Open Only in the Presence of the Inmate." Plaintiff states that mail from the court is clearly identifiable as court mail on the outside of the envelope. However, because the Clerk's Office does not use the "Special Mail" notation on its envelopes, the prison's mail room employees treat it as "Regular Mail" and, at their discretion, open and read it. Plaintiff requests a court order requiring the Clerk's Office to write the notation "Special Mail - Open Only in the Presence of the Inmate" on the envelopes of all future correspondence from the court to plaintiff.

1

The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In Wolff v. McDonnell, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Id. at 577. The issue of whether or not prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit. In Wolff v. McDonnell, the legal mail at issue was mail sent to respondent from his own attorney. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)). Plaintiff admits that the court's mail is clearly identifiable as court mail on the outside of the envelope. There is no authority for the court to require the Clerk's Office to change its mail procedures to comply with the Bureau of Prisons rules.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the court to issue an order requiring the Clerk's Office to mark plaintiff's mail as "Special Mail" is DENIED.

IT IS SO ORDERED.

**Dated:  March 17, 2008**          **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE

2